IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| YVES HECTOR VIMEGNON, | Case No.: 3:25-cv-00572-JR |
| Plaintiff, | |
| v. | ORDER |
| GALLAGHER BASSETT SERVICES, INC., | |
| Defendant. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case, ECF 28, on May 28, 2025, recommending that this Court deny plaintiff Yves Hector Vimegnon's motion to amend the complaint, ECF 6.  Thereafter, self-represented plaintiff filed a "clarification regarding the nature and purpose" of his proposed amendments, ECF 31 ("Pl. Clarifications"); objections to the F&R, ECF 32 ("Pl. Objs."); and a supplement to his objections, ECF 35-1 ("Pl. 1st Suppl.").  Defendant Gallagher Bassett Services, Inc. responded to plaintiff's three filings, ECF 36 ("Def. Resp.").  Subsequently, plaintiff filed a reply in support of his objections, ECF 37 ("Pl. Reply"), and a motion for leave to file a supplemental brief, ECF 38 ("Pl. 2d Suppl.").[1]  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.

---

[1] The federal rules permit neither replies in support of an objection, nor multiple objections in the first instance. *See* Fed. R. Civ. P. 72 (establishing the procedures for objecting to a magistrate judge's order and providing for an objection and a response).  Although self-represented litigants are held to a more lenient standard, they must still obey the Federal Rules of Civil Procedure and this District's Local Rules. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).  Plaintiff should be aware that voluminous filings far outside of what is permitted by the rules of procedure are a basis for revoking e-filing privileges or, under certain circumstances, more severe sanctions. *See generally Kelley v. T-Mobile USA, Inc.,* No. 6:20-cv-01515-MK, 2022 WL 14111031 (D. Or. Oct. 6, 2022), *findings and recommendation adopted*, 2022 WL 14011020 (D. Or. Oct. 24, 2022).  However, because defendant has not objected to plaintiff's numerous filings, and in the interest of a full and fair resolution on the merits, the Court has considered each of plaintiff's filings here.  Therefore, plaintiff's motion for leave to file a supplemental brief, ECF 38,

**DISCUSSION**

Plaintiff brought this action in Multnomah County Circuit Court, alleging one claim for bad faith insurance handling relating to a car accident in which plaintiff was involved while employed by non-party AutoZone. *See* Am. Compl., ECF 1-1, ¶¶ 1-4, 24.[2]  After defendant removed the case to federal court, plaintiff filed a motion for leave to amend the complaint. *See generally* Plf. Mot. to Amend, ECF 6. Plaintiff contends that the proposed amendments will clarify the location of the accident and the nature of plaintiff's injuries. *See* Pl. Clarifications 2-3.  The proposed amended complaint ("PAC") also contains additional allegations that defendant improperly settled with non-party Root Insurance and that plaintiff is a third-party beneficiary of AutoZone's insurance contract. *See* PAC, ECF 6-1, ¶¶ 9-10, 13.

The F&R recommends denying plaintiff's motion on the basis that amendment is futile in two respects.  First, the F&R concludes that the PAC asserts only contract-based claims but does not sufficiently allege the existence of a contract or that plaintiff is a third-party beneficiary. *See* F&R 5.  Second, the F&R finds that plaintiff cannot recover any of the alleged damages. *See id.* at 6.  Plaintiff makes three objections to the F&R: (1) it impliedly holds that plaintiff's proposed amendments are untimely, prejudicial, or inconsistent with existing allegations; (2) it incorrectly concludes that third-party beneficiaries may not recover under Oregon law and overlooks evidence of defendant's misconduct; and (3) it mischaracterizes plaintiff's damages as speculative.  Plaintiff also argues that the Court should conduct de novo review of the F&R, while defendant argues that the F&R is only subject to review for clear error.  The Court first addresses the appropriate standard of review and then addresses each of plaintiff's substantive objections.

**A.      The Court reviews the F&R for clear error.**

As a preliminary matter, the parties dispute the appropriate standard of review.  Plaintiff requests de novo review of the F&R, while defendant argues that the F&R should be reviewed only for clear error.

---

is GRANTED to the extent that plaintiff seeks to supplement his objections to the F&R.  To the extent that the motion to supplement independently requests leave to file a third amended complaint, it is DENIED without prejudice.

[2] Plaintiff's Amended Complaint is the operative complaint and begins on ECF page 11 of Exhibit A to defendant's notice of removal. *See* ECF 1-1.

*See* Pl. Obj. 6; Def. Resp. 4. A district judge's authority to review an order of a magistrate judge depends on the nature of the matter being decided:

> When a magistrate judge rules on a non-dispositive matter, a district judge may "reconsider" that ruling only if it is "clearly erroneous or contrary to law." But when a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (citations omitted). Certain motions are defined by statute as dispositive, including those for summary judgment, class certification, or injunctive relief. *See* 28 U.S.C. § 636(b)(1)(A).

For matters not specifically identified in statute, the Ninth Circuit employs a "functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive." *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 807 (citation and quotation marks omitted). Regardless of a motion's name, a magistrate judge's decision is dispositive if it "effectively denies 'the ultimate relief sought' by a party or disposes of 'any claims or defenses.'" *Id.* (citing *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). The Ninth Circuit has applied this functional approach to conclude that numerous magistrate judge decisions not specifically listed in Section 636(b)(1)(A) are dispositive and, therefore, subject to de novo review by a district court judge. *See e.g.*, *id.* at 807-08 (holding that application for discovery assistance by a foreign tribunal under 28 U.S.C. § 1782 is dispositive); *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (holding that motion to remand to state court is dispositive); *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (holding that stay of a habeas proceeding is dispositive); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1069 (9th Cir. 2004) (holding that involuntary medication order is dispositive).

Whether denial of a motion for leave to amend is a dispositive order under the Federal Magistrate's Act has not been squarely addressed by the Ninth Circuit. *See Bastidas*, 791 F.3d at 1164 ("It should be no surprise that the magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely."). Plaintiff's request for de novo review does not address this specific question; instead, it appears to rely on the mistaken

3

understanding that the F&R "is a dispositive recommendation to dismiss Plaintiff's complaint under Rule 12(b)(6)." Pl. Reply 5-6. [3] The F&R does not recommend dismissing plaintiff's complaint under Rule 12(b)(6), instead the F&R only addresses plaintiff's motion to amend. Applying the Ninth Circuit's "functional approach" to plaintiff's motion for leave to amend, the Court concludes that the F&R is not dispositive as to any claim or defense in the case. There may be cases where denying leave to amend to add additional claims could be said to dispose of those proposed claims, but this is not such a case. Indeed, plaintiff has repeatedly emphasized that the proposed amendments are "not [intended] to introduce new claims." Pl. Obj. 3; *see also* Pl. Clarification 2; Pl. Reply 7. Because plaintiff's motion seeks to clarify existing claims, rather than introduce new ones, the F&R is non-dispositive and subject to review only for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

**B.      The F&R does not hold that plaintiff's amendments are inconsistent, untimely, or unfairly prejudicial.**

Plaintiff objects to the F&R on the basis that it "appears to characterize the proposed amendments as untimely or prejudicial, or as inconsistent with Plaintiff's prior allegations." Pl. Obj. 2. Although the F&R does find that the PAC raises a new legal theory and abandons a prior theory, it does not characterize the proposed amendments as inconsistent, untimely, or prejudicial. Indeed, the only basis to deny plaintiff's motion advanced by defendant was that the proposed amendments were futile. Def. Resp. to Pl. Mot. to Amend, ECF 17, at 6. The F&R credits two of defendant's three arguments for futility . *See* F&R 3; *see also id.* 4 n.3. As discussed below, the F&R does not clearly err in that assessment.

**C.      The F&R's conclusion that the proposed amendments are futile because they fail to state a contract claim is not clearly erroneous or contrary to law.**

Plaintiff next objects to the F&R's conclusion that plaintiff's proposed amendments asserting a contract-based claim are futile.[4] In the PAC, plaintiff alleges a claim for breach of the implied duty of good

---

[3] Where the page number stamped at the top of each page by CM/ECF differs from the parties' internal pagination, the Court cites to the CM/ECF pages.

[4] The Court was unable to locate "*Abbott v. Washington County*," cited by plaintiff in support of his arguments. Pl. Reply 9. Contrary to the provided citation, there is no Oregon Court of Appeals decision beginning on page 513 of the Oregon Reports volume 301. Instead, *Tyler v. Whetzel*, 301 Or. App. 504,

faith and fair dealing.  PAC ¶ 13.  Under Oregon law, "[a]ll contracts include an implied covenant of good faith and fair dealing."  *Morrow v. Red Shield Ins. Co.*, 212 Or. App. 653, 661, 159 P.3d 384 (2007).  Where, as here, there are no allegations that the plaintiff and defendant entered into a contract, the only basis for a breach of implied covenant claim is if the defendant entered into a contract with another party and the plaintiff was an intended beneficiary of that contract.  *Sisters of St. Joseph of Peace, Health, & Hosp. Servs. v. Russell*, 318 Or. 370, 375, 867 P.2d 1377 (1994) ("[Donee and creditor] beneficiaries are entitled to enforce directly contractual promises intended to be for their benefit, even though they are strangers to the contract.  Incidental beneficiaries are not so entitled.").  For a plaintiff to be either a donee or a creditor beneficiary, the parties to the contract at issue must have *intended* "to confer a right to performance upon the plaintiff"—*i.e.*, intended that the plaintiff benefit from the contract.  *Id.* (cleaned up).[5]

The allegation that "[a]t all relevant times, [defendant] acted as the insurance adjuster and claims administrator for AutoZone," PAC ¶ 13, can fairly be read to allege that there was a contract between defendant and AutoZone.  However, the PAC lacks specific factual allegations from which the Court could conclude that plaintiff is an intended third-party beneficiary of such a contract.  As the F&R correctly holds, the bare assertion that defendant owed plaintiff a duty "as a third-party beneficiary and employee-driver of the insured party, AutoZone," PAC ¶ 13, is insufficient.  *See Huang v. Claussen*, 147 Or. App. 330, 335, 936 P.2d 394 (1997) ("[The] plaintiff must do more than allege in a vague and conclusory manner that defendants and [a third-party] intended to confer a contractual benefit on him."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).  The allegations highlighted in plaintiff's objection to the F&R—that

---

457 P.3d 338 (2019) begins on page 504 and continues through page 513, with *State v. O'Donnell*, 301 Or. App. 514, 515, 454 P.3d 849 (2019) appearing on pages 514-15.  Neither *Tyler* nor *O'Donnell* have any relevance to the third-party beneficiary issue for which plaintiff cites "*Abbot v. Washington County*," nor can the Court locate another relevant case by that name.  Although the Court declines to sanction plaintiff for this single erroneous citation for an uncontroversial proposition, plaintiff is warned that inclusion of non-existent or fabricated legal authority in filings with the Court justifies a range of sanctions including monetary penalties, striking of offending briefs, and dismissal of the case.  *See Couvrette v. Wisnovsky*, No. 1:21-cv-00157-CL, 2025 WL 4109655, at *15 (D. Or. Dec. 12, 2025).

[5] Because the PAC fails to sufficiently allege that plaintiff is an intended beneficiary, which is a required element for both donee and creditor beneficiaries, the distinction between the two is irrelevant to this decision.

defendant settled claims with others involved in the underlying car accident and did not timely inform plaintiff, that it had a "broader role and responsibility that aligns with the functions of an insurer," and that it failed to reopen the claim file when plaintiff disputed liability, *see* Pl. Obj. 3, 5—are not relevant to the question of whether defendant and AutoZone intended plaintiff to be a beneficiary of their alleged contract.

Instead, if plaintiff contends, for instance, that he is a creditor beneficiary to a contract between AutoZone and defendant, he must make specific factual allegations about the duty AutoZone owed him as his employer, AutoZone's demonstrated intentions to fulfill that duty by contracting with defendant, and the terms of the contract or the conduct of the parties indicating that plaintiff was intended to benefit from the contract. *See, e.g.*, *Stonecrest Props., LLC v. City of Eugene*, 280 Or. App. 550, 557, 382 P.3d 539 (2016) (holding that whether the plaintiff beneficiary is identified in the contract is relevant to determining whether plaintiff is an intended third-party beneficiary); *Lord v. Parisi*, 172 Or. App. 271, 278, 19 P.3d 358 (2001) (looking to the terms of the agreement and "the surrounding circumstances" to determine whether the plaintiff was an intended third-party beneficiary). In the absence of any such allegations, the F&R's conclusion that plaintiff's proposed amendments were futile was not clearly erroneous or contrary to law.

D.    **The F&R's conclusion that the proposed amendments are futile because the damages alleged are not recoverable is not clearly erroneous or contrary to law.**

Plaintiff's final objections concern the futility of his damage claims. The F&R made two conclusions on this point. First, the F&R concludes that the economic damages asserted in the PAC "appear to emanate exclusively from personal injuries plaintiff sustained from the underlying automobile accident" and such damages are not recoverable from defendant because defendant is not alleged to have caused that accident. F&R 6. Second, the F&R holds that the non-economic damages alleged in the PAC "stem from 'emotional distress, difficulty sleeping, shame, and frustration'" and that such emotional distress damages are not generally recoverable on a breach of contract claim, including claims for breach of the implied covenant of good faith. *Id.* (quoting Pl. Supp. Decl., ECF 21, ¶ 13). Neither of these conclusions is clearly erroneous or contrary to law.

Beginning with the economic damages, plaintiff appears to admit that his physical injuries were caused by the accident. *See* Pl. Obj. 4 ("Plaintiff experienced significant physical pain and discomfort resulting from the accident. . ."). The PAC does not allege that defendant caused or contributed to the accident, so it is not clearly erroneous to conclude that defendant cannot be liable for damages arising out of the accident itself.

As to the non-economic damages, the F&R correctly observes that "the general rule is that 'damages are not recoverable in contract for purely emotional distress.'" F&R 6 (quoting *Keltner v. Washington Cnty.*, 310 Or. 499, 510, 800 P.2d 752 (1990)). Plaintiff's reliance on *Moody v. Oregon Community Credit Union*, 371 Or. 772, 542 P.3d 24 (2023) to rebut this general rule, *see* Pl. 2d Supp. 2; Pl. Reply 9-11, is misplaced. It is true that the Oregon Supreme Court in *Moody* "change[d] the landscape of insurance litigation in Oregon" by permitting recovery of emotional distress damages in per se negligence actions against insurers. 371 Or. 772, 824 (Garrett, J., dissenting). However, that is of no significance to plaintiff's proposed amendments, which do not assert a negligence per se claim.[6] A claim for breach of the implied covenant of good faith and fair dealing is a contract claim, subject to the usual limitations on contract damages. *See Rapacki v. Chase Home Fin. LLC*, 797 F. Supp. 2d 1085, 1091 (D. Or. 2011) ("A claim asserting a breach of the implied covenant of good faith and fair dealing is a contract claim under which reputation, emotional distress, and punitive damages are unavailable."). Therefore, it was not clearly erroneous or contrary to law for Judge Russo to hold that plaintiff's proposed amendments asserting non-economic damages on a contract claim were futile.[7]

---

[6] Throughout plaintiff's briefing, references are made to alternative theories of relief that are present in neither the operative complaint nor the PAC. *See, e.g.*, Pl. Supp. 3 ("Plaintiff invokes the doctrine of negligence per se. . ."); Pl. 2d Supp. 3 ("Plaintiff now clarifies that the claim is for bad faith third-party handling and negligent administration in violation of ORS 746.230(1). . ."). The Court does not consider, and this Order should not be read to rule on, the viability of these claims.

[7] Plaintiff also objects to the F&R's "conclusion that Plaintiff's alleged injuries are 'speculative.'" Pl. Obj. 4. However, the F&R does not actually conclude that plaintiff's injuries are speculative; instead, the F&R holds that plaintiff's claimed damages are not recoverable under a third-party breach of implied covenant claim for the two reasons discussed above. F&R 6-7.

## CONCLUSION

Plaintiff's motion for leave to file a supplemental brief, ECF 38, is GRANTED.  For the reasons stated herein, the Court finds that the F&R is not clearly erroneous or contrary to law and ADOPTS the F&R, ECF 28.  Plaintiff's motion for leave to amend the complaint, ECF 6, is DENIED.

IT IS SO ORDERED.

DATED this 30th day of March, 2026.

_____
Adrienne Nelson
United States District Judge

8